ELECTRONIC

**Oct 30, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
## 09-CIV-81615-RYSKAMP/VITUNAC

JEFFREY P. LAWSON

      PETITIONER,

AND

KATHY ANN GARCIA-LAWSON
      RESPONDENT,

Respondent is Joined in this Notice of Removal
By INTERVENORS CALIGUIRI,
GARCIA, LINCOLN, POTTER

_____/

CIVIL ACTION NUMBER:

_____

REMOVED FROM Case No.:
2005 DR 001269 XXXX NB
Removed from 15th Judicial Cir
Palm Beach County, Florida

## NOTICE OF REMOVAL

1. The original Petitioner who filed and caused this civil case (2005 DR 001269 XXXX NB) to be served upon the Respondent Kathy Ann Garcia-Lawson is Jeffrey P. Lawson).

2. Although the original Petition was filed in February 2005, it is only within the past 30 days, that is since September 30, 2009, that Removing Respondent Kathy Ann Garcia-Lawson and the intervenors who join in this Notice of Removal were informed, both by Respondent's former counsel and by the 15th Judicial Circuit itself, that they would "be denied [and] cannot enforce in the courts of [the] State [of Florida any of their] right[s] under any [and all] law[s] providing for the

*Notice of Civil Rights Removal to U.S. District Court from Florida 15th Judicial Circuit*    1

equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1).

3. **Respondents in Florida dissolution proceedings are a class of litigants denied both due process of law and equal protection, for the simple reason that respondents _always lose_ in Florida divorce proceedings as a matter of statutory law, custom, practice, and policy.**

4. Specifically, Erin Brandt, Judicial Assistant to 15th Circuit Judge Richard Oftedal, stated that constitutional issues have no place in a divorce court, that a dissolution proceeding was between two parties only and not a matter for intervention, and that the interveners' positions would not be considered or taken into account (Personal communication by Erin Brandt at 561-624-6593 to the undersigned intervener, Charles Edward Lincoln, III, on Thursday, October 22, 2009).

5. Moreover, in a hearing held on Monday, October 19, 2009, and by a telephone-decision rendered informally on Thursday, October 22, 2009, the Court had also deprived Respondent Kathy Ann Garcia-Lawson of representation over her objections and had stated that she would not be allowed time to find alternative counsel in violation of Florida law.

6. Accordingly, respondent files this notice of removal within the 30-day time period required by 28 U.S.C. §§1443(1) and 1446(b) and the notice is therefore timely, despite the apparent antiquity of the original 15th judicial court proceedings.

7. Respondent Kathy Ann Garcia-Lawson files this notice of removal in part for the purpose of challenging all the provisions of the Florida Family Code concerning the licensing of marriage and the "protection" of women and children through the divorce and custody laws, and all related and affected provisions of the Domestic Relations law of Florida generally, as far in excess of what is actually permissible as a matter of state action either by Federal Law or the Federal Constitution, especially the First, Fifth, Ninth, and Fourteenth Amendments.

8. Kathy Ann Garcia-Lawson submits in particular that the First Amendment to the Constitution guarantees Freedom of Religion, and forbids the establishment of a State Religion by any State, and that the "Civil" sacraments of state-licensed marriage, birth registration, state-sponsored divorce, and state-mandated custody and support arrangements are in form, force, and effect a form of state establishment of religion, in that the United States Supreme Court has "Atheism" is every bit as much as secular humanism (**cf., e.g. *Torcaso v. Watkins*,** 367 U.S. 488, 81 S.Ct. 1680; 6 L.Ed.2d 982[1961], and ***Kaufman v. McCaughtry***, 419 F.3d 678 [7[th] Cir. 2005]).

9. Respondent Kathy Ann Garcia-Lawson alleges that she is the subject of targeted (retaliatory) discriminatory treatment by the present prosecution in violation of Respondent's right to equal protection under the law, and that Respondent is therefore entitled to remove under 28 U.S.C. §1443(1) and ***Dombrowski v. Pfister,*** 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

10. Respondent Kathy Ann Garcia-Lawson and all those who intervened on her behalf are accordingly entitled to remove pursuant to 28 U.S.C. §1443 which provides that defendants may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law (including the statutory scheme set up by the Florida Family Code in violation of federal law, but also pursuant to the Florida Attorney General's customs, practices, and policies regarding child custody, parental alienation, and support, all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth, and Fourteenth Amendments.

11. Respondent Kathy Ann Garcia-Lawson was the sole original defendant in this particular case, but she has been joined by a number of undersigned interveners who have filed a Notice of Intervention in support of her constitutional answer, affirmative defenses, and counterclaims for declaratory judgment and they have all consented and affirmed their consent by their signatures to and verifications of this removal.

12. All required pleadings, process, orders, and other filings in the state court action filed within the past three weeks to 30 days are attached to this notice of removal: 28 U.S.C. §1446(a).

13. Venue is proper in the Southern District of Florida, because (a) Respondent Kathy Ann Garcia Lawson resides within the Southern District of Florida and this case is removed from the Fifteenth Judicial Circuit Court in and for Palm Beach County Florida which exists within the territorial boundaries of the Southern District and finally because all or a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Florida.

14. This case is related in several ways and by several means to Case: 9:08-cv-80865 KAM in that Judge Kenneth A. Marra ordered Kathy Ann Garcia Lawson to present her constitutional challenges to the Florida State Courts, which uniformly refused to hear constitutional challenges to those courts IN the affected courts.

15. Respondent Kathy Ann Garcia-Lawson has filed an answer in State Court and a copy of her answer and other documents will be presented as supplements to this Notice of Civil Rights Removal to the United States District Court for the Southern District of Florida.

16. Defendant will promptly file a copy of this notice of removal with the clerk of the state court in the Fifteenth Judicial Circuit in and for Palm Beach County where the action was originally filed and has been pending.

*Notice of Civil Rights Removal to U.S. District Court from Florida 15th Judicial Circuit*     5

17. For all the above-and-foregoing reasons, removal of this action from 15th Judicial Circuit Court in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, Palm Beach County Division, is proper pursuant to all relevant statutes and law.

Respectfully submitted on this 30th day of October, 2009,

By: _Kathy A. Garcia Lawson_

Dr. Kathy Ann Garcia-Lawson, Ph.D., *pro se*
2620 Nature's Way,
Palm Beach Gardens, Florida 33410
Telephone: 561-624-8724
Facsimile: 561-691-1423

E-Mail: garcialawson@hotmail.com

## CERTIFICATE OF FILING AND SERVICE

I, the undersigned Respondent Kathy Ann Garcia-Lawson do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the Palm Beach County Clerk of the Fifteenth Judicial Circuit Court and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

Clerk of 15th Judicial Circuit Court, Palm Beach County
Palm Beach County Courthouse
North County Courthouse
3188 PGA Boulevard
Palm Beach Gardens, Florida 33401-4599

Mr. Jeffrey P. Lawson
c/o Steve Marchildon
113 Ashley Court
Jupiter, Florida 33408

Ms. Inger Garcia-Armstrong, Esq.
Attorney of Record for and c/o
Dr. Kathy Ann Garcia-Lawson
2620 Nature's Way
Palm Beach Gardens, Florida 33410

Respectfully submitted and signed on this 30th day of October 30, 2009,

By: _Kathy A. Garcia-Law_____

Dr. Kathy Ann Garcia-Lawson, Ph.D., *pro se*
2620 Nature's Way,
Palm Beach Gardens, Florida 33410
Telephone: 561-624-8724
E-Mail: garcialawson@hotmail.com

### SIGNATURE OF ALL DEFENDANTS, COUNTERCLAIMANTS, and INTERVENORS JOINING IN REMOVAL

KATHY ANN GARCIA-LAWSON, *pro se*
Respondent Wife *in propia persona*
2620 Nature's Way
Palm Beach Gardens, Florida 33410
Telephone:  561-624-8725
Facsimile:   561-691-1423
e-mail: garcialawson@hotmail.com

Rebecca Potter, Intervener *pro se,*
*In propia persona*
1417 Michigan Drive
Lake Worth, Florida 33461
Telephone: 561-876-7148
E-Mail: tlc211@gmail.com

Donna Caliguiri, Intervener *pro se,*
*In propia persona*
1503 Donald Road
Jupiter, Florida 33419
Telephone: 561 745-0442

Charles Edward Lincoln, Intervener *pro se,*
*In propia persona*
c/o Dr. Orly Taitz, Esquire
29839 Santa Margarita Parkway-Suite 100A
Rancho Santa Margarita, California 92688
Telephone:  512-968-2500
Facsimile:   949-766-7603

### SIGNATURE OF ALL DEFENDANTS, COUNTERCLAIMANTS, and INTERVENORS JOINING IN REMOVAL

_____

KATHY ANN GARCIA-LAWSON, *pro se*
    Respondent Wife *in propia persona*
    2620 Nature's Way
    Palm Beach Gardens, Florida 33410
    Telephone:  561-624-8725
    Facsimile:    561-691-1423
e-mail: garcialawson@hotmail.com

_____

Rebecca Potter, Intervener *pro se,*
    *In propia persona*
    1417 Michigan Drive
    Lake Worth, Florida 33461
    Telephone: 561-876-7148
    E-Mail: tlc211@gmail.com

_____

Donna Caliguiri, Intervener *pro se,*
    *In propia persona*
    1503 Donald Road
    Jupiter, Florida 33419
    Telephone: 561 745-0442

_____

Charles Edward Lincoln, Intervener *pro se,*
    *In propia persona*
c/o Dr. Orly Taitz, Esquire
29839 Santa Margarita Parkway-Suite 100A
Rancho Santa Margarita, California 92688
Telephone:  512-968-2500
Facsimile:    949-766-7603
E-mail: charles.lincoln@rocketmail.com

Signature_____
Name: GUSTAVO MARLELO, Intervener *pro se,*
         *In propia persona*
         Gustavo Marlelo
         8230 SW 117 Terrace
         Miami- Dade, Florida 33156

         Telephone:_____

         E-mail:_____

         Facsimile:_____



Signature: *Leslie K. Garcia* __
Name: **LESLIE K. GARCIA, Intervener,** *pro se,*
         *In propia persona*
         Leslie Garcia
         5047 Magnolia Bay Circle
         Palm Beach Gardens, Florida 33408
         Telephone: 561-630-9783
         E-mail: lesliekarindennis@yahoo.com



Signature:_____
Name: **SUSAN KIRALY SURIO WHITE,**
         **Intervener,** *pro se, In propia persona*
         2005 Windwood Lane
         Lakeland, Florida 33813

         Telephone:_____

         E-mail:_____

         Facsimile:_____



*Notice of Civil Rights Removal to U.S. District Court from Florida 15th Judicial Circuit*      7

E-mail: charles.lincoln@rocketmail.com

Signature_____

Name:    Elado Armesto, Intervener *pro se,*
         *In propia persona*
         POB 350002
         Miami, Florida 33135-0002
         305-530-8787
         patrianews@aol.com

         Facsimile:_____

Signature_____

Name:    ROBERT BERTRAND, Intervener *pro se,*
         *In propia persona*
         6951 Miami Lakes South
         Miami, Florida ZIP CODE:_____
         786-338-0220

         E-Mail:_____

         Facsimile:_____

Signature_____

Name:    SALVATORE MELITA, Intervener *pro se,*
         *In propia persona*
         1426 S. Atlantic Drive
         Lantana, Florida 33462
         Telephone: 561 585-8526

         E-mail:_____

         Facsimile:_____

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal Pursuant to 28 U.S.C. §§1443(1) and 1446, and I hereby acknowledge and verify this document as reflecting the facts known to me as of __26__ day, October _26th_____, 2009.

_____
KATHY ANN GARCIA-LAWSON
Wife and Respondent
2620 Nature's Way
Palm Beach Gardens, Florida 33410

Telephone: 561-624-7825
Facsimile:  561-691-1423

### NOTARY'S JURAT

    Kathy Ann Garcia-Lawson appeared in person before me on this _26_ day, October _26_, 2009, and, having presented sufficient lawful identification, I administered her the oath which she freely and willingly took, and she did then and there depose herself to verify and affirm that she verified all the terms of the above-and-foregoing Notice of Civil Rights Removal knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within her personal knowledge.

    Done and Executed in Palm Beach Gardens, Florida 33410.

_____
NOTARY PUBLIC, PALM BEACH GARDENS
PALM BEACH COUNTY, FLORIDA

Printed Name of Notary:__Darlene Langley__

My Commission Expires:_____

DARLENE LANGLEY
MY COMMISSION # DD 693793
EXPIRES: August 4, 2011
Bonded Thru Notary Public Underwriters

*Notice of Civil Rights Removal to U.S. District Court from Florida 15th Judicial Circuit*   11

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 and I hereby acknowledge and verify this document as reflecting the facts known to me as of __26__ day, October __26__, 2009.

Rebecca Potter, Intervener,
*Pro Se, In propia persona*
1417 Michigan Drive
Lake Worth, Fl. 33461
561 876 7148
tlc211@gmail.com

## NOTARY'S JURAT

Rebecca Potter appeared in person before me on this __26__ day, October __26__, 2009, and, having presented sufficient lawful identification, I administered her the oath which she freely and willingly took, and she did then and there depose herself to verify and affirm that she verified all the terms of the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within her personal knowledge.

Done and Executed in Palm Beach Gardens, Florida 33410.

CHERYL R. DANIELS
MY COMMISSION # DD 676861
EXPIRES: July 17, 2011
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC, PALM BEACH GARDENS
PALM BEACH COUNTY, FLORIDA

Printed Name of Notary: __Cheryl R Daniels__

My Commission Expires: __7/17/2011__

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal Pursuant to 28 U.S.C. §§1443(1) and 1446 and I hereby acknowledge and verify this document as reflecting the facts known to me as of __26__day, October __26__, 2009.

_Donna Caliguiri_

DONNA CALIGUIRI, Intervener,
***Pro Se, In propia persona***
1503 Donald Road
Jupiter, Florida 33419
Telephone: 561-745-0442

## NOTARY'S JURAT

Donna Caliguiri appeared in person before me on this ___26___ day, October __26__, 2009, and, having presented sufficient lawful identification, I administered her the oath which she freely and willingly took, and she did then and there depose herself to verify and affirm that she verified all the terms of the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within her personal knowledge.

Done and Executed in Palm Beach Gardens, Florida 33410.

_Darlene Langley_

NOTARY PUBLIC, PALM BEACH GARDENS
PALM BEACH COUNTY, FLORIDA

Printed Name of Notary: __Darlene Langley__

My Commission Expires:_____

DARLENE LANGLEY
MY COMMISSION # DD 693793
EXPIRES: August 4, 2011
Bonded Thru Notary Public Underwriters

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 and I hereby acknowledge and verify this document as reflecting the facts known to me as of _Wednes_ day, October _28_, 2009.

Charles Edward Lincoln, III, Intervener,
Pro Se, In propia persona
c/o Dr. Orly Taitz, Esquire
29839 Santa Margarita Parkway-Suite 100A
Rancho Santa Margarita, California 92688
Telephone:  512-968-2500
Facsimile:   949-766-7603

E-mail: charles.lincoln@rocketmail.com

### NOTARY'S JURAT

Charles Edward Lincoln, III, appeared in person before me on this _Wednes_ day, October _28_, 2009, and, having presented sufficient lawful identification, I administered him the oath which he freely and willingly took, and he did then and there depose himself to verify and affirm that he verified all the terms of the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within his personal knowledge.

Done and Executed in ~~Palm Beach Gardens, Florida 33410.~~
San Clemente, CA 92672

JEANNE F. MEISSER
COMM. # 1824398
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. NOV. 24, 2012

NOTARY PUBLIC, ~~PALM BEACH GARDENS~~
~~PALM BEACH COUNTY, FLORIDA~~
County of Orange, State of California

Printed Name of Notary: Jeanne F. Meisser

My Commission Expires: 11-24-12

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal Pursuant to 28 U.S.C. §§1443(1) and 1446, and I hereby acknowledge and verify this document as reflecting the facts known to me as of ᴥ___day, October _____, 2009.

*Leslie K. Garcia*
_____
 Leslie K. Garcia, Intervener, Pro Se, In propia persona
5047 Magnolia Bay Circle
Palm Beach Gardens, Florida 33418
Telephone: 561-630-9783

E-mail:_lesliekarindennis@yahoo.com

### NOTARY'S JURAT

Leslie K. Garcia  appeared in person before me on this  ᴥ8  day, October _____, 2009, and, having presented sufficient lawful identification, I administered him the oath which he freely and willingly took, and he did then and there depose himself to verify and affirm that he verified all the terms of the above-and-foregoing Notice of Civil Rights Removal knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within his personal knowledge.

Done and Executed in Palm Beach Gardens, Florida 33410.



Notary Public State of Florida
Beth A Rhoads
My Commission DD702117
Expires 08/05/2011

_____
 NOTARY PUBLIC, PALM BEACH GARDENS
PALM BEACH COUNTY, FLORIDA

Printed Name of Notary: Beth A. Rhoads_____

My Commission Expires: 08-05-2011_____

**Signature:**_____

## ACKNOWLEDGEMENT & VERIFICATION

I have read and reviewed the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 and I hereby acknowledge and verify this document as reflecting the facts known to me as of ___29 th___ day, October _____, 2009.

ROBERT BERTRAND, Intervener,
*Pro Se, In propia persona*
6951 Miami Lakes South
Miami, Florida
Telephone: 786-338-0220

E-mail:_____

## NOTARY'S JURAT

ROBERT BERTRAND appeared in person before me on this __29 th__ day, October ____, 2009, and, having presented sufficient lawful identification, I administered him the oath which he freely and willingly took, and he did then and there depose himself to verify and affirm that she verified all the terms of the above-and-foregoing Notice of Civil Rights Removal pursuant to 28 U.S.C. §§1443(1) and 1446 knowingly and willingly under penalty of perjury, and that all the statements contained therein above are true and correct and within his personal knowledge.

Done and Executed in Palm Beach Gardens, Florida 33410.

WENDY GUZMAN
MY COMMISSION # DD506864
EXPIRES: January 12, 2010
Fl. Notary Discount Assoc. Co.

NOTARY PUBLIC, PALM BEACH GARDENS
PALM BEACH COUNTY, FLORIDA

Printed Name of Notary:_____

My Commission Expires:_____

*Notice of Civil Rights Removal to U.S. District Court from Florida 15th Judicial Circuit*     14

# *Exhibit A:*
# *Judge Oftedal's Orders and Docket Entries Made in October 2009*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF
FLORIDA, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502005DR001269XXXXNB
FAMILY DIVISION FH

IN RE:  THE MARRIAGE OF
JEFFREY P. LAWSON,
        Petitioner/Husband,

and

KATHY ANN GARCIA-LAWSON,
        Respondent/Wife.
_____/

## ORDER ON PETITIONER/HUSBAND'S MOTION TO
## VACATE ORDER FOR MEDIATION

THIS MATTER comes before the Court upon receipt of the
Petitioner/Husband's Motion to Vacate Order for Mediation filed on October 5,
2009.   At a hearing scheduled on Monday, October 19, 2009, the
Petitioner/Husband, Jeffrey Lawson was present.  Inger Garcia, Esq., counsel for
Respondent/Wife was present.  The Court having heard argument of the parties
and being otherwise fully advised in the premises, does hereby:

ORDER AND ADJDUGE that the Petitioner/Husband's Motion to Vacate
Order for Mediation is hereby GRANTED.   The parties are not required to attend
mediation prior to the scheduled trial date to begin on Monday, November 2,
2009.

DONE AND ORDERED in Chambers, Palm Beach County, Palm Beach
Gardens, Florida this ___2 1___ day of October, 2009.

RICHARD L. OFTEDAL
Circuit Court Judge

Copies furnished:
Jeffrey Lawson, 113 Ashley Court, Jupiter, Florida  33458
Kathy Ann Garcia-Lawson, 2620 Natures Way, Palm Beach Gardens, FL  33410
Inger Garcia, Esq., P.O. Box 11933, Fort Lauderdale, FL  33339

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502005DR001269XXXXNB
FAMILY DIVISION FH

IN RE:  THE MARRIAGE OF
JEFFREY P. LAWSON,

      Petitioner/Husband,

and

KATHY ANN GARCIA-LAWSON,

      Respondent/Wife.

_____/

## ORDER ON RESPONDENT/WIFE'S AFFIDAVIT IN SUPPORT OF RENEWED MOTION FOR CONTINUANCE OF TRIAL DATE

THIS MATTER comes before the Court upon receipt of the Respondent/Wife's Affidavit in Support of Renewed Motion for Continuance of Trial Date Owing to Medical Evaluation of Her Mother as Terminal filed on October 20, 2009.  The Court having reviewed the Motion, the court file and being otherwise fully advised in the premises, does hereby:

ORDER AND ADJUDGE that the Respondent/Wife's Motion for Continuance is hereby DENIED without prejudice.  The Respondent/Wife may renew her motion to continue which the Court will readdress prior to the trial scheduled to begin on Monday, November 2, 2009 at 9:30 a.m... The parties are to be prepared to begin the trial in the event the motion to continue is denied.

DONE AND ORDERED in Chambers, Palm Beach County, Palm Beach Gardens, Florida this ___21___ day of October, 2009.

                          _____
                          RICHARD L. OFTEDAL
                          Circuit Court Judge

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: 502005DR001269XXXXNB
FAMILY DIVISION "FH"

IN RE: THE MARRIAGE OF:

JEFFREY P. LAWSON,

     Husband,

and

KATHY ANN GARCIA-LAWSON,

     Wife.

_____/

### ORDER STRIKING NOTICE AND DENYING INTERVENTION OF DONNA CALIGUERI AND ROBERT J. BERTRAND FOR LACK OF STANDING

**THIS CAUSE** came before the Court *sua sponte* upon the Notice of Intervention in Support of Kathy Ann Garcia-Lawson's Court-Licensed Complaint to Terminate and Otherwise to Challenge the Constitutionality of Florida Domestic Relations Courts, Procedure, and Jurisdiction After Judge Kenneth Marra's Dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) ("Notice"), filed by DONNA CALIGEURI; and the identical Notice filed by ROBERT J. BERTRAND.  Both DONNA CALIGEURI and ROBERT J. BERTRAND assert intervenor status in this dissolution action.  The Court, having reviewed the Notices, the court file, and being duly advised in the premises, finds:

As a preliminary matter, DONNA CALIGEURI and ROBERT J. BERTRAND failed to comply with Fla. R. Civ. P. 1.100 in seeking leave to intervene before filing their respective Notices. See, Author's Comment, Fla. R. Civ P. 1.230.  A person seeking leave to intervene must claim an interest of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. *Litvak v. Scylla Properties, LLC*, 946 So.2d 1165, 1172 (Fla. 1st DCA 2006), *citing Union Cent. Life Ins. Co. v. Carlisle*, 593 So.2d 505, 507 (Fla.1992); *Morgareidge v. Howey*, 75 Fla. 234, 78 So. 14, 15 (1918)).  The test to determine what interest entitles a party to intervene is set forth in *Morgareidge v. Howey*, 75 Fla. 234, 238-39, 78 So. 14, 15 (1918):

> [T]he interest which will entitle a person to intervene ... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or

some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.

*Union Cent. Life Ins. Co. v. Carlisle*, 593 So.2d 505, 507 (Fla. 1992). Here, neither DONNA CALIGEURI nor ROBERT J. BERTRAND have indicated an iota of a claim of interest in this dissolution proceeding, much less of a direct and immediate character, to entitle them intervenor status.

Based upon the foregoing, it is

**ORDERED AND ADJUDGED**:

1.  DONNA CALIGUERI lacks standing in this dissolution proceeding.   The Notice of Intervention in Support of Kathy Ann Garcia-Lawson's Court-Licensed Complaint to Terminate and Otherwise to Challenge the Constitutionality of Florida Domestic Relations Courts, Procedure, and Jurisdiction After Judge Kenneth Marra's Dismissal Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), filed by DONNA CALIGERI, is hereby STRICKEN.

2.  ROBERT J. BERTRAND lacks standing in this dissolution proceeding.   The Notice of Intervention in Support of Kathy Ann Garcia-Lawson's Court-Licensed Complaint to Terminate and Otherwise to Challenge the Constitutionality of Florida Domestic Relations Courts, Procedure, and Jurisdiction After Judge Kenneth Marra's Dismissal Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), filed by ROBERT J. BERTRAND, is hereby STRICKEN.

**DONE AND ORDERED** in Chambers at Palm Beach Gardens, Palm Beach County, Florida this 28 day of October, 2009.

RICHARD L. OFTEDAL
Circuit Judge

COPIES FURNISHED TO:
Steve Marchildon, Esq., 113 Ashley Ct., Jupiter, FL 33408
Inger Garcia-Armstrong, Esq., 2620 Nature's Way, Palm Beach Gardens, FL 33410
Robert J. Bertrand, 6951 Miami Lakeway S, Miami Lakes, FL 33014
Donna L. Caligeri, 1503 Donald Rd., Jupiter, FL 33469

# Exhibit B:
## The Honorable Judge Kenneth A. Marra's Command to Take Constitutional Orders to State Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80865-CIV-MARRA/JOHNSON

KATHY ANN GARCIA-LAWSON,

    Plaintiff,

v.

NATALIE M. GARLAND, *et al.*,

    Defendants.

_____/

## FINAL JUDGMENT

    THIS CAUSE is before the Court upon the separately entered Order granting the

Defendants' motions to dismiss.

    Accordingly, it is **ORDERED AND ADJUDGED** that Judgment is hereby entered on

behalf of Defendants Defendants Natalie M. Garland; Bill McCollum, Attorney General of the

state of Florida; George Sheldon, Secretary, Florida Department of Children and Families; the

Honorable Richard L. Oftedal and the Honorable Jeffrey J. Colbath, Circuit Judges of the

Fifteenth Judicial Circuit in and for Palm Beach County, Florida; and Michael O. Leavitt, United

States Health and Human Services, and Plaintiff shall take nothing from Defendants in this

action. All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE**.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 23rd day of March, 2009.

                                             KENNETH A. MARRA
                                           United States District Judge

copies to:
All counsel of record

Subject:Activity in Case 9:08-cv-80865-KAM Garcia-Lawson v. Garland et al
Judgment
Content-Type: text/plain***NOTE TO PUBLIC ACCESS USERS*** Judicial
Conference of the United States policy permits attorneys of record and parties in
a case (including pro se litigants) to receive one free electronic copy of
all documents filed electronically, if receipt is required by law or
directed by the filer. PACER access fees apply to all other users. To avoid
later charges, download a copy of each document during this first viewing.
However, if the referenced document is a transcript, the free copy and 30
page limit do not apply.'U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 3/23/2009 3:32 PM EDT and filed
on 3/23/2009

Case Name: Garcia-Lawson v. Garland et al
Case Number: 9:08-cv-80865
https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?319603

Filer:
WARNING: CASE CLOSED on 03/23/2009

Document Number: 37
Copy the URL address from the line below into the location bar of your Web
browser to view the document: Document:
https://ecf.flsd.uscourts.gov/doc1/05106386393?magic_num=MAGIC&de_seq_num=1
35&caseid=319603


Docket Text:
JUDGMENT in favor of the Defendants Natalie M. Garland, et al against the
Plaintiff Kathy Ann Garcia-Lawson. All pending motions are denied as moot.
This case is CLOSED. Signed by Judge Kenneth A. Marra on 3/23/2009. (ir)

9:08-cv-80865 Notice has been electronically mailed to:
George Lee Waas george_waas@oag.state.fl.us


Patricia Ann Lynch pal@bushlawgroup.com,
cml@bushlawgroup.com, thm@bushlawgroup.com


9:08-cv-80865 Notice has not been delivered electronically to those listed
below and will be provided by other means. For further assistance, please
contact our Help Desk at 1-888-318-2260.:
Kathy Ann Garcia-Lawson
2620 Natures Way
Palm Beach Gardens, FL 33410


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1105629215 [Date=3/23/2009] [FileNumber=6158080-0]
[122d22483dca9e6e577325d26ac1cc26df371f3a7db820b4b16c58b9358a5e7eee0e6abc6d
6cf07ca1ac76bc9d22549753f914220c62b457cb097ea196a5bf01]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80865-CIV-MARRA/JOHNSON

KATHY ANN GARCIA-LAWSON,

      Plaintiff,

v.

NATALIE M. GARLAND, *et al.*,

      Defendants.

_____/

## **ORDER DISMISSING CASE**

THIS CAUSE is before the Court upon State Defendants' Motion to Dismiss First Amended Complaint (DE 21); Defendant Natalie M. Garland's Motions to Dismiss (DE 22, DE 23); and Defendant Natalie M. Garland's Motion for Rule 11 Sanctions (DE 31). The motions are fully briefed and ripe for review. The Court held a hearing on the motions on January 8, 2009. The Court has carefully considered the motions and responses and is otherwise fully advised in the premises.

### *Background*

On August 5, 2008, Plaintiff Kathy Ann Garcia-Lawson ("Plaintiff") filed a Complaint, which was replaced October 27, 2008 by an Amended Complaint, against Defendants Natalie M. Garland; Bill McCollum, Attorney General of the state of Florida; George Sheldon, Secretary, Florida Department of Children and Families; the Honorable Richard L. Oftedal and the Honorable Jeffrey J. Colbath, Circuit Judges of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida; and Michael O. Leavitt, United States Health and Human Services.

This action arises out of Plaintiff's state court divorce proceedings. According to the allegatons in the Amended Complaint, Plaintiff's husband filed a Verified Petition for Dissolution of Marriage on February 1, 2005 in Palm Beach County. Am. Compl. ¶ 15. The Petition sought a divorce, shared parental responsibility of the parties' child, equitable distribution of marital assets and liabilities, distribution of non-marital assets, and partition of the family home. Am. Compl. ¶1 8, 19. As the basis for dissolution, the petition alleged that "[t]he marriage between the parties is irretriebably broken." Am. Compl. ¶ 20.

In the instant federal action, Plaintiff, in esssence, seeks to have the Court determine that § 61.052, Fla. Stat., by its requirement of a showing that a marriage is "irretrievably broken" is unconstitutional as practiced in contested divorces and violates Plaintiff's due process rights. See DE 18.

### *Discusssion*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the

2

Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has

stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73

(1984). While the complaint need not contain "heightened fact pleading of specifics," it must

provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to

dismiss. Twombly, 127 S.Ct. at 1974.

As the Supreme Court has long recognized, "[o]ne of the principal areas in which this

Court has customarily declined to intervene is the realm of domestic relations." See Elk Grove

Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004) ("So strong is our deference to state law

in this area that we have recognized a 'domestic relations exception' that 'divests the federal

courts of power to issue divorce, alimony, and child custody decrees.' ") (citations omitted); see

also Moore v. Sims, 442 U.S. 415, 434 (1979) ( "Family relations are a traditional area of state

concern."); Ex parte Burrus, 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic

relations of husband and wife, parent and child, belongs to the laws of the states, and not to the

laws of the United States.").

Under the Younger abstention doctrine, federal courts should abstain from granting relief

where there is a pending state civil proceeding that implicates important state interests. See

generally Younger v. Harris, 401 U.S. 37 (1971).[1]  As such, even if Plaintiff presented colorable

grounds for federal relief, abstention would be appropriate.  According to the Supreme Court,

---

[1]The abstention doctrine as defined in Younger v. Harris, 401 U.S. 37 (1971), provides
that federal courts are not to interfere with pending state criminal proceedings. The Younger
doctrine has been extended to civil cases and state administrative proceedings. Middlesex County
Ethics Comm. v. Garden State BarAss'n, 457 U.S. 423 (1982); Huffman v. Pursue Ltd., 420 U.S.
592 (1975) (applying Younger to a civil nuisance case).

unconstitutionally applied in her divorce case, she has adequate opportunity to address that issue in her state case, and to appeal it within the state system.

Pursuant to <u>Younger</u>, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. <u>Mitchum v. Foster</u>, 407 U.S. 225, 230 (1972). None of these exceptions are present and, therefore, <u>Younger</u> abstention principles require the dismissal of Plaintiff's Amended Complaint.

Even if <u>Younger</u> abstention did not apply in this case, the Court would grant Defendants' motions to dismiss for failure to state a claim. In the Florida Supreme Court opinion, <u>Ryan v. Ryan</u>, 277 So.2d 266 (Fla. 1973), the court held that the dissolution of marriage law, which provided as the ground for divorce that the marriage be irretrievably broken, was not unconstitutional as a denial of due process, since it was not vague, uncertain or indefinite. The court stated: "The quoted language read in context with the remainder of the statute expresses the purpose and intent of the Legislature with sufficient clarity to render it invulnerable to attack that it is unconstitutionally vague and indefinite." <u>Id.</u> at 270.

Plaintiff contends that § 61.052, Fla. Stat., by its requirement of a showing that a marriage is "irretrievably broken" is unconstitutional as practiced in contested divorces and violates Plaintiff's due process rights.[2] Plaintiff asserts that Florida state court judges are

---

[2]The Florida legislature's considered decision to eliminate the traditional defenses to divorce actions does not deprive married persons of due process or of any remedy for denial of a legal right. <u>Parejko v. Dunn County Circuit Court</u>, 408 F.Supp.2d 704, 707 (W.D. Wis. 2006) (granting defendants' motion to dismiss federal action challenging Wisconsin divorce statute), <u>aff'd</u> <u>Parejko v. Dunn County Circuit Court</u>, 209 Fed.Appx. 545 (7th Cir. 2006). While Plaintiff

systematically finding marriages irretrievably broken without regard to the facts of the case and therefore are acting ministerially and not judicially. Such determinations, however, are particularly appropriate for resolution on a case by case basis in the state forum. Plaintiff's claim does not fit into any of the four exceptions to the <u>Younger</u> doctrine recognized in <u>Mitchum</u>.

In conclusion, the Court finds that the principle of <u>Younger</u> abstention requires the dismissal of Plaintiff's case. Moreover, as explained above, even if <u>Younger</u> abstention did not apply here, the Court would grant Defendants' motions to dismiss for failure to state a claim. Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The State Defendants' Motion to Dismiss First Amended Complaint (DE 21) and Defendant Natalie M. Garland's Motions to Dismiss (DE 22, DE 23) are **GRANTED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court finds that allowing Plaintiff to amend her complaint a second time would be futile. The Clerk shall close this case.

2.     Defendant Natalie M. Garland's Motion for Rule 11 Sanctions (DE 31) is **TERMINATED**. Defendant Garland orally announced at the January 8, 2009 hearing that she

---

argues with sincere passion that marriage is a fundamental right (<u>see</u> DE 28), Plaintiff has no due process right to remain married to a particular individual, nor has she explained how such a right could be accommodated without infringing on the statutory right of her husband to extricate himself from what he alleges is an irretrievably broken marriage. As the court held in <u>Parejko</u>, it is not obviously unconstitutional for a state legislature to decide that it will not force people to stay married if they chose to separate and to eliminate the concepts of guilt and innocence in divorce proceedings, particularly where the state has provided  protections for the property and children of the failed marriage. 408 F.Supp.2d at 707-08.

6

was withdrawing this motion.

      **DONE and ORDERED** at West Palm Beach, Palm Beach County, Florida this 23rd

day of March, 2009.

                                      KENNETH A. MARRA
                                      United States District Judge

copies to:
Kathy Ann Garcia-Lawson, *pro se*
all counsel of record

# *Exhibit C:*
# *Florida State Bar Grievance &*
# *Proceedings Against*
# *Respondent's Attorney*
# *Inger Garcia-Armstrong*



# THE FLORIDA BAR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

850/561-5600
WWW.FLORIDABAR.ORG

November 6, 2008

Ms. Inger Michelle Garcia
Law Office of Inger M Garcia-Armstrong
2506 NE 30th St
Fort Lauderdale, FL 33306

Re:     Earl Kenneth Mallory; The Florida Bar File No. 2009-50,543 (17B)

Dear Ms. Garcia:

Enclosed is a copy of an inquiry/complaint and any supporting documents submitted by the above referenced complainant(s). Your response to this complaint is required under the provisions of Rule 4-8.4(g), Rules of Professional Conduct of the Rules Regulating The Florida Bar, and is due in our office by **November 24, 2008**. Failure to provide a written response to this complaint is in itself a violation of Rule 4-8.4(g). You are **further requested to furnish the complainant with a complete copy of your written response, including any documents submitted therewith.**

Please note that pursuant to Rule 3-7.1(b), Rules of Discipline, any reports, correspondence, papers, recordings and/or transcripts of hearings received from either you or the complainant(s) shall become a part of the public record in this matter and thus accessible to the public upon a disposition of this file. Pursuant to Rule 3-7.1(f), Rules of Discipline, you are further required to complete and return the enclosed Certificate of Disclosure form.

If either you or the complainant(s) believe any material provided to The Florida Bar is confidential under applicable law, undersigned counsel should be advised of that fact so that measures can be taken to seal that portion of the file. It should be noted that The Florida Bar is required to acknowledge the status of proceedings during the pendency of an investigation, if a specific inquiry is made and the matter is deemed to be in the public domain.

Finally, the filing of this complaint does not preclude communication between the attorney and the complainant(s). Please review the enclosed Notice for information on submitting your response.

Sincerely,

Theodore P. Littlewood Jr., Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707
Enclosures (Certificate of Disclosure, Notice of Grievance Procedures, Copy of Complaint, Notice - Mailing Instructions)

cc:     Earl Kenneth Mallory

Pursuant to Rule 3-7.1(f), Rules of Discipline, you must execute the appropriate disclosure paragraph below and return the form to this office by **November 24, 2008**. The rule provides that the nature of the charges be stated in the notice to your firm; however, we suggest that you attach a copy of the complaint.

## CERTIFICATE OF DISCLOSURE

I HEREBY CERTIFY that on this _____ day of _____, 200___, a true copy of the foregoing disclosure was furnished to _____, a member of my present law firm of _____ and/or to _____, a member of the law firm of _____, with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2009-50,543 (17B).


_____
Inger Michelle Garcia

## CERTIFICATE OF DISCLOSURE
### (Corporate/Government Employment)

I HEREBY CERTIFY that on this _____ day of _____, 200___, a true copy of the foregoing disclosure was furnished to _____, my supervisor at _____ (name of agency), with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2009-50,543 (17B).


_____
Inger Michelle Garcia

## CERTIFICATE OF NON-LAW FIRM AFFILIATION
### (Sole Practitioner)

I HEREBY CERTIFY to The Florida Bar on this _____ day of _____, 200___, that I am not presently affiliated with a law firm and was not affiliated with a law firm at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2009-50,543 (17B).


_____
Inger Michelle Garcia

## NOTICE OF GRIEVANCE PROCEDURES

1.  The enclosed letter is an informal inquiry. Your response is required under the provisions of The Rules Regulating The Florida Bar 4-8.4(g), Rules of Professional Conduct. Failure to provide a written response to this complaint is in itself a violation of Rule 4-8.4(g). If you do not respond, the matter will be forwarded to the grievance committee for disposition in accordance with Rule 3-7.3 of the Rules of Discipline.

2.  Many complaints considered first by staff counsel are not forwarded to a grievance committee, as they do not involve violations of the Rules of Professional Conduct justifying disciplinary action.

3.  "Pursuant to Rule 3-7.1(a), Rules of Discipline, any response by you in these proceedings shall become part of the public record of this matter and thereby become accessible to the public upon the closure of the case by Bar counsel or upon a finding of no probable cause, probable cause, minor misconduct, or recommendation of diversion. Disclosure during the pendency of an investigation may be made only as to status if a specific inquiry concerning this case is made and if this matter is generally known to be in the public domain."

4.  The grievance committee is the Bar's "grand jury." Its function and procedure are set forth in Rule 3-7.4. Proceedings before the grievance committee, for the most part, are non-adversarial in nature. However, you should carefully review Chapter 3 of the Rules Regulating The Florida Bar.

5.  If the grievance committee finds probable cause, formal adversarial proceedings, which ordinarily lead to disposition by the Supreme Court of Florida, will be commenced under 3-7.6, unless a plea is submitted under Rule 3-7.9



# THE FLORIDA BAR

**JOHN F. HARKNESS, JR.**
EXECUTIVE DIRECTOR

**651 EAST JEFFERSON STREET**
**TALLAHASSEE, FL 32399-2300**

850/561-5600
WWW.FLORIDABAR.ORG

November 6, 2008

Mr. Earl Kenneth Mallory
1907 Commerce Lane, Ste. 104
P.O. Box 8858
Jupiter, FL 33468-885

Re: Inger Michelle Garcia; The Florida Bar File No. 2009-50,543 (17B)

Dear Mr. Mallory:

Enclosed is a copy of our letter to Ms. Garcia which requires a response to your complaint.

Once you receive Ms. Garcia's response, you have 10 days to file a rebuttal if you so desire. If you decide to file a rebuttal, please send a copy to Ms. Garcia. Please address any and all correspondence to me. Please note that any correspondence must be sent through the U.S. mail; we cannot accept faxed material.

Please be advised that as an arm of the Supreme Court of Florida, The Florida Bar can investigate allegations of misconduct against attorneys, and where appropriate, request that the attorney be disciplined. The Florida Bar cannot render legal advice nor can The Florida Bar represent individuals or intervene on their behalf in any civil or criminal matter.

Please review the enclosed Notice on mailing instructions for information on submitting your rebuttal.

Sincerely,

Theodore P. Littlewood Jr., Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures (Notice of Grievance Procedures, Copy of Letter to Ms. Garcia; Pamphlet, Inquiry Concerning a Florida Lawyer; Notice - Mailing Instructions)

# NOTICE

The Florida Bar is in the process of converting its disciplinary files to electronic media.

All submissions are being scanned into an electronic record and hard copies are discarded.

## Please limit your submission to no more than 25 pages including exhibits.

If you have additional documents available, please make reference to them in your written submission as available upon request. Should Bar counsel need to obtain copies of any such documents, a subsequent request will be sent to you. **Please do not bind, or index your documents. Materials received that do not meet these guidelines may be returned.**

## Please refrain from attaching media such as audio tapes or CD's or oversize documents

We cannot process any media that cannot be scanned into the electronic record.

## Please do not submit your original documents.

All documents will be discarded after scanning.

## Please do not submit confidential or privileged information.

If information of this nature is important to your submission, please describe the nature of the information and indicate that it is available upon request. Bar counsel will contact you to make appropriate arrangements for the protection of any such information that is required as part of the investigation of the complaint.

Thank you for your consideration in this respect.

# MALLORY LAW GROUP

ATTORNEYS AT LAW
1907 COMMERCE LANE - SUITE 104
P.O. BOX 8858
JUPITER, FLORIDA 33468-8858
TELEPHONE (561) 743-3708
FACSIMILE (561) 743-3729

EARL K. MALLORY*
CHARLES R. BONING
MERRY E. LINDBERG*
NATALIE M. GARLAND**
* ALSO ADMITTED TO PRACTICE IN COLORADO
** ALSO ADMITTED TO PRACTICE IN PENNSYLVANIA

ANNELIESE M. KOEHLER-GARDNER, ACP
PARALEGAL

October 22, 2008

**BAR COMPLAINT**

The Florida Bar
Cypress Financial Center
5900 N. Andrews Ave.
Ft. Lauderdale, FL 33309-2300

      Respondent:             Inger M. Garcia, Esq.
                                    3389 Sheridan Street
                                    Suite 546
                                    Hollywood, FL 33021
                                    Telephone: 954-524-0506
                                    Fla. Bar No. 106917

      Complainant:           Earl K. Mallory, Esq.
                                      Mallory Law Group
                                    P.O. Box 8858
                                    Jupiter, Florida 33468
                                    Telephone: 561-743-3708
                                    Fla. Bar No. 0980617

Dear Bar Counsel:

      The Mallory Law Group represents Petitioner, Jeffrey P. Lawson (hereinafter "Husband"), in divorce proceedings against Respondent, Kathy Ann Garcia-Lawson (hereinafter "Wife") in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County (Case No. 502005DR001269XXXXNB). Wife is currently represented by Inger M. Garcia, Esq., who is the subject of this Complaint. The thrust of the Complaint is that Ms. Garcia has attempted to sully the reputation of undersigned counsel by brandishing before the court a sealed, 26-year-old criminal conviction. Such conduct is prejudicial to the administration of justice.

## PROCEDURAL BACKGROUND

Wife is an opponent of no-fault divorce. She has engaged in every conceivable delay tactic in her three-and-a-half-year effort to deny Husband a divorce. These tactics include: four changes of counsel timed to delay final hearing, inter-spaced by periods of pro-se representation; refusals to cooperate in scheduling mediation, refusals to attend mediation, and attempts to disrupt and sabotage mediation; failure to provide timely discovery, requiring motions to compel, followed by Wife's failure to comply with court orders, ultimately resulting in sanctions; delay tactics requiring three re-schedulings of Wife's deposition; Wife's raid on the home equity line of credit; delays requiring Husband to file a Motion for Contempt and for Attorney Fees and Costs, which resulted in a finding of contempt; Wife's disqualification of the first trial judge, followed by failed attempts to disqualify the current judge; various accusations of attorney misconduct, judicial prejudice, and other intemperate charges; two failed petitions to the Fourth District Court of Appeal; two cases filed by Wife in other jurisdictions raising parallel issues, which name as defendants the trial judge, Husband's counsel, and others (Second Circuit for Leon County, Case #37 2008 CA 002304; United States District Court, Southern District of Florida, Case #CIV-08-80865); a suggestion of bankruptcy served the evening before the most-recently-scheduled trial date; a failed attempt to have Husband's counsel held in contempt by the bankruptcy court; and various other abusive tactics aimed at delay.

It should be noted that Ms. Garcia was not wife's attorney through many of the foregoing activities. She filed her Notice of Appearance on behalf of Wife on January 23, 2008. Just over a month later, on February 27, 2008, Ms. Garcia served on Husband's counsel the <u>Motion to Dismiss as a Sanction for Fraud upon the Court</u>, which is the focus of this Bar Complaint. (Partial copy attached hereto as Exhibit "A." A complete copy is not attached because of the page limitation for Bar Complaints. The full motion is available upon request) On March 14, 2008, Husband's counsel served Ms. Garcia with a <u>Motion for Determination of Entitlement to Attorney Fees pursuant to s. 57.105, Fla. Stat.</u> (A copy will be provided upon request) This Motion provided Ms. Garcia with the requisite 21-day 'safe harbor' period within which to withdraw her Motion. Ms. Garcia did not withdraw the Motion. Instead, on September 4, 2008, she filed an amended Motion which contained

The Florida Bar
Complaint re: Inger M. Garcia, Esq.
October 22, 2008
Page 3

substantially the same contents as the previous motion. (Copy to be provided upon request)  As discussed below, the Motion to Dismiss as a Sanction for Fraud upon the Court highlights a sealed criminal matter in a malicious attempt to embarrass undersigned counsel.

### THE MOTION TO DISMISS AS A SANCTION FOR FRAUD UPON THE COURT.

The Motion to Dismiss as a Sanction for Fraud Upon the Court is a lengthy motion that makes vitriolic and outlandish charges of criminal and unethical conduct against the Mallory Law Group.  It accuses Natalie M. Garland, Esq. (Husband's present counsel), of fraud, tampering with the court file, conspiracy, lying, perjury, concealment, deceitful conduct, improper ex parte communications with judges, and other misconduct.  See e.g., The Florida Bar v. Nunes, 734 So. 2d 393 (Fla. 1999)(upholding suspension of attorney who made disparaging and disrespectful remarks concerning opposing counsel, including accusations that opposing counsel had stolen the court file); Williams v. Florida Health Sciences Center, Inc., 2007 WL 641328 (M.D. Fla. 2007)(imposing sanctions on counsel for unsubstantiated accusations of fraud and ad hominem attacks on opposing counsel).

In addition, the Motion contains derogatory innuendo regarding judges who have presided over the case.  Cf. The Florida Bar v. Morgan, 938 So. 2d 496 (Fla. 2006)(sanctioning attorney for disrespectful behavior toward judge).  It also contains humiliating remarks about Husband, referring to Husband's "deep-seated psychological problems" and "impaired" reasoning.  In its Order denying Wife's Motion for Leave to Amend the Counter-claim, the trial Court has categorized Wife's Motion to Dismiss as a Sanction for Fraud Upon the Court as follows: "This 59 page motion, aside from being a largely incoherent and prolix pleading, makes serious ethical and criminal charges against nearly everyone associated or even tangentially connected with the litigation, but most particularly Husband's attorney and her law firm ...." (Copy of order attached as Exhibit "B")

Because the Motion to Dismiss as a Sanction for Fraud Upon the Court remains pending, the issues mentioned above will not be addressed though this Complaint.  The issues raised here relate strictly to Ms. Garcia's personal attack on me, the Complainant.

## AD HOMINEM ATTACK ON COMPLAINANT

I represented Husband during early phases of the divorce proceedings. Within her Motion, Ms. Garcia indicates that I was convicted of drug trafficking. Her motion incorporates lengthy excerpts from 1994 newspaper articles regarding my successful efforts to have the court file sealed. (pp. 10-11)

It is true that I pled guilty in 1982 to a drug offense which occurred in 1979. I have never denied the incident. In the period since my arrest, I have attempted to conduct my life in an exemplary fashion. I received a full pardon. My record has been sealed by the trial court. I was the subject of a thorough investigation by the Florida Bar prior to my admission in 1993. I have subsequently been admitted in Colorado, and have been admitted to practice before the U.S. Supreme Court, all three U.S. District Courts in Florida, the U.S. District Court of Colorado, and the 10th and 11th Federal Circuit Courts of Appeal. I have never been disciplined by any court or bar.

The remote event raised by Ms. Garcia has no relevance whatsoever to issues raised in the <u>Motion to Dismiss as a Sanction for Fraud Upon the Court</u>, or to any aspect of the divorce case. Ms. Garcia has inserted this material in a malicious effort to harm my reputation, to put these issues before the public, to harass me, and to discredit me before the court. She used the Motion as a ruse for accomplishing these unwholesome objectives, in violation of local, statewide, and national standards of ethics and professionalism.

### VIOLATIONS

The Oath of Admission to The Florida Bar requires applicants to solemnly swear to "maintain the respect due to Courts of Justice and Judicial Officers ... [and] abstain from all offensive personality." The Preamble to the Rules of Professional Conduct provides that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, *other lawyers*, and public officials." (emphasis added) Thus, the principles underlying the rules include notions of basic fairness and human dignity, respect for others within the judicial system, and promoting the quality of justice. The specific provisions that are

violated by Ms. Garcia's conduct are as follows:

**Rule 3-4.3 (Misconduct and Minor Misconduct)** provides in part:
     The commission by a lawyer of any act that is unlawful or contrary to honesty and justice ... may constitute a cause for discipline.

**Rule 4-4.4 (Respect for Rights of Third Persons)**
     (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person ....

**Rule 4-8.4 (Misconduct)**
     A lawyer shall not:
     (d) engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against ... other lawyers on any bases ....

**Rule 4-3.5 (Impartiality and decorum of the tribunal)**.
     (a) Influencing Decision Maker.  A lawyer shall not seek to influence a judge ... except as permitted by law or the rules of court.

     Ms. Garcia's conduct, embodied in the <u>Motion to Dismiss as a Sanction for Fraud Upon the Court</u>, also violates Sections I, III, IV, and V of the Palm Beach County Bar Association Standards of Professional Courtesy.

          **ARGUMENT.**

     Ms. Garcia's scurrilous disclosure of my pardoned and sealed criminal conviction violates basic standards of civility and professionalism, as well as those rules cited above.  It is no excuse for Ms. Garcia to say that she was acting at direction of her client or that she was simply relaying information provided by her client.  An attorney must exercise independent professional judgment, and "is not merely the client's 'alter ego' functioning only as the client's 'mouthpiece.'" <u>Thomas v. Tenneco Packaging Co., Inc.</u>, 293 F. 3d 1306, 1327 (C.A.11 2002)(quoting <u>Morrison v. State</u>, 258 Ga. 683, 373 S.E.2d 506 (Ga. 1988)).  In the matter at hand, Ms. Garcia had an obligation to inform her client that lawyers operate under a set of rules; that these rules preclude

one lawyer from attempting to 'dirty up' or taint another by revealing some irrelevant infraction of the distant past.

No disciplinary cases in Florida are on point with the facts presented here. However, several cases address misconduct similar to that described above, coupled with violations of those rules cited in the preceding section of this Complaint.

The Florida Supreme Court, in The Florida Bar v. Sayler, 721 So. 2d 1152 (Fla. 1998), upheld discipline of an attorney who sent a threatening letter to opposing counsel. The referee found that the lawyer's conduct violated Rule 3-4.3 (prohibiting commission by a lawyer of any act that is unlawful or contrary to honesty and justice); Rule 4-4.4 (prohibiting a lawyer from using means during representation of a client that have no substantial purpose other than to embarrass, delay, or burden a third person); and Rule 4-8.4(d)(prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice). The court noted, "The First Amendment does not protect those who make harassing or threatening remarks about the judiciary or opposing counsel." Id. at 1155.

The Florida Supreme Court in The Florida Bar v. Martocci, 791 So. 2d 1074 (Fla. 2001), upheld a referee's finding that attorney's making of disparaging and profane remarks intended to humiliate opposing party and counsel constituted a violation of Rule 4-9.4 of the Rules Regulating the Florida Bar. The remarks that precipitated the complaint consisted primarily of name calling and insults.

In The Florida Bar v. Buckle, 771 So. 2d 1131, 1134 (Fla. 2000), the Florida Supreme imposed a public reprimand on an attorney who had mailed a disparaging letter to a crime victim. The Court noted:

> Zealous advocacy cannot be translated to mean win at all costs, and although the line may be difficult to establish, standards of good taste and professionalism must be maintained while we support and defend the role of counsel in proper advocacy.... A lawyer's obligation of zealous representation should not and cannot be transformed into a vehicle intent upon harassment and intimidation.

The Florida Bar
Complaint re: Inger M. Garcia, Esq.
October 22, 2008
Page 7

Several decisions have addressed parallel issues. The Florida Bar v. Wasserman, 675 So. 2d 103 (Fla. 1996), involved an attorney's use of abusive profanity aimed at a judicial assistant and angry outburst in court. The Florida Supreme Court upheld the referee's determination that the attorney had violated Rules 3-4.3, 4-3.5(c) and 4-8.4(a). The Florida Supreme Court, in The Florida Bar v. Uhrig, 666 So. 2d 887 (Fla. 1996), found that mailing an insulting and unprofessional letter to an adverse party violated rule 4-8.4(d) and warranted a public reprimand. See also The Florida Bar v. Committe, 916 So. 2d 741 (Fla. 2005) and In re Cordova-Gonzalez, 996 F.2d 1334, 1336 (1st Cir. 1993).

**WITNESSES**

Earl K. Mallory, Esq.
1907 Commerce Lane
Jupiter, FL 33468
Telephone: 561-743-3708

Natalie Garland, Esq.
1907 Commerce Lane
Jupiter, FL 33468
Telephone: 561-743-3708

Kathy Garcia-Lawson
2620 Natures Way
Palm Beach Gardens, FL 33410
Telephone: 561-624-8725

Judge Richard L. Oftedal
North County Courthouse
3188 PGA Blvd.
Palm Beach Gardens, FL 33410

Inger Garcia, Esq.
3389 Sheridan Street
Suite 546
Hollywood, FL 33021
Telephone: 954-524-0506

**CONCLUSION**

Within the bounds of law and ethics, Ms. Garcia had a duty to

The Florida Bar
Complaint re: Inger M. Garcia, Esq.
October 22, 2008
Page 8

advocate the position of her client. However, in the matter at
hand, she crossed the bounds of proper advocacy. Her allegations
veered into a sordid, invidious attack on opposing counsel. Her
recounting of my criminal conviction and my efforts to have those
records expunged was designed to damage my reputation. It served
no other purpose. Ms. Garcia's actions are destructive to the
legal profession, and have resulted in great harm to me on a
personal and professional level.

Under penalties of perjury, I declare that I have read the
foregoing document and that to the best of my knowledge and belief
the facts stated herein are true.

EARL K. MALLORY
Fla. Bar No. 0990617

Oct. 22, 2008
Date

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

In Re: The Marriage of                                    DEFENDANT/WIFE

JEFFREY P. LAWSON,
PLAINTIFF/HUSBAND,                          Case No.: 50-2005DR001269XXXXXNB

and

KATHY ANN GARCIA-LAWSON,

---

## MOTION TO DISMISS AS A SANCTION FOR FRAUD UPON THE COURT

DEFENDANT and Wife, KATHY ANN GARCIA-LAWSON, by and through the
undersigned counsel, files this Motion on behalf of herself and their minor child (hereinafter,
"Child"), a 13-year old daughter, in conformance with Florida Rules of Civil Procedure, Rule
1.540, et al, and Florida Rules of Family Law Procedure, Rule 12.540, et al, and in support
thereof states the following:

1.  Plaintiff/Husband, Jeffrey P. Lawson (hereinafter, "Husband") and possibly his legal

    counsel, Natalie M. Garland (hereinafter, "Garland"), have knowingly and willfully filed

    materially false and misleading statements throughout the duration of this case, and at the

    same time concealed material facts that would be detrimental to their mutually-beneficial

    calculated scheme, whereby: 1) Husband benefited from Garland's aggressive pursuit at all

    costs, including malfeasance and fraud, of his lawsuit and, 2) Garland benefited by

    Husband's eagerness to pay for her services in order to protect himself from confronting his

    own deep-seated psychological problems. Together they have colluded in weaving a web of

    deceit and perpetuating a pattern of propaganda-tactics for the express purpose of impugning

    Wife in the eyes of the judge in order to achieve their goal of running roughshod over

    Wife's due process to arrive at the end-game.

**EXHIBIT**

**A**

2.   The Lawson Case serves as a prime example of the manipulation and contrivances used by those who, like the Plaintiff in this case, must operate in the shadows of the legal system in order to reach their intended goal since, **there is no law for a 'contested' case such as this one.** Most dissolutions are "uncontested" and the only issues to adjudicate are child custody and "settlements," but in a case where the accusation of "irretrievable breakdown of the marriage" is being challenged, **there are no defenses** available for the defendant, although, the trial court still has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court. Kornblum v. Schneider, 609 So. 2d 138, 139 (Fla. 4th DCA 1992).

### Background of the Case

3.   Throughout the proceedings in this case, Husband in concert with Garland, have deliberately committed fraud upon the Court and upon Wife by means of an ongoing scheme of multifarious activities with the express purpose of enlarging Husband's standing in the eyes of the Court while simultaneously diminishing that of Wife, for the express purpose of influencing the Court favorably towards Husband.

4.   While many times throughout the proceedings Garland acted on her own initiative, at other times she acted in tandem with Husband to spin a web of deceit. Wife's due process rights have been violated every step of the way through a calculated scheme of fraud and deceit, carried out with the express purpose of controlling the proceedings and 'winning' at any cost – even in a case where the defendant is rendered defenseless due to statutes that patently violate due process rights as well as the Rule of Law. The egregious harm caused by the changes made in 1971 to this statute (now known as Chapter 61) reveals an unconscionable level of malfeasance on the part of state officials that at the time enacted it, as well as those

that even now continue to uphold it.

## STATEMENT OF THE CASE

### Husband's Unclean Hands and
### Fraudulent and Deceptive Use of "Irretrievable Breakdown"

5.  On February 1, 2005, Husband filed a Petition for Dissolution of the Marriage using the

following ground: "The marriage between the parties is irretrievably broken." At the time he

filed, Husband approached this court of equity with "unclean hands," a material fact that is

documented on Husband's taped deposition.  When Wife sought to have Husband's Petition

dismissed due to "unclean hands" (Dkt.159) citing the Ryan case,[1] Judge Oftedal denied her

motion, citing Johnson v. Johnson No. 72-705 (Fla. 2nd DCA). When a litigant with unclean

hands is permitted to enter a court of equity, the court should be put "on notice" in order to

prevent further fraud and deceit. The facts presented here reveal the pattern that was

perpetuated as a result of the court not taking heed of warnings presented on numerous

occasions. Every step of the way, Husband and Garland have colluded to unfairly represent

the facts in their pleadings and testimony as well as hampered Wife in the presentation of

her case.

6.  Husband did "swear and attest" in his pleadings that "the allegations set forth" ("the

marriage is irretrievably broken") are "true and accurate" on his "Verified Petition for

Dissolution of Marriage" while at the same time doing the following things post-filing:

    a.   He continued for well over one year post-filing to live at the marital residence in a

marital relation with Wife 'as if' the filing of divorce had never occurred; when Garland

represented Husband, in April 2006, a noticeable shift in the family dynamics took place.

    b.   He continued to show caring and loving behavior towards Wife, as evidenced by

---

[1] Ryan v. Ryan 277 So. 2d 266, 277, (1973)

regularly preparing meals for Wife and Child.

    c. He communicated – and still communicates – regularly with Wife as they continue to 'process' their relationship, sometimes dealing with personal matters several times a day.

    d. He continued – and still continues – to show a great deal of compassion, kindness, and concern for Wife.

    e. He continued – and still continues – to be involved with Wife in solving family and household problems.

7. Husband used the "irretrievably broken" ground for divorce in a dishonest and contrived manner, admitting on numerous occasions, *"I need to see where I stand financially so I can build a house in Maine,"* which is a dream that Husband and Wife had planned together, but that Husband has now made one of the main reasons for explaining his dissolution action. Husband has also stated, *"When the divorce is granted and upon being freed up financially, I will then move back into the marital home and work on my part of the (relationship) problems,"* which speaks to his dishonest use of the "breakdown" ground as well as the fact that he chooses to avoid dealing with conflict or his unresolved psychological issues, instead, seeking a legal remedy that causes great harm to those close to him, most especially his daughter.

8. A more recent example of the contrivance of his use of the "breakdown" ground is evidenced by the fact that Wife was admitted to the hospital on September 21, 2007, for four days. During this period, Husband attended to Wife on a daily basis; he brought flowers and offered to provide meals. Upon Wife's discharge, Husband, on his own initiative, prepared and brought to Wife a full course meal at their marital residence.

9. Furthermore, in July of 2007, Wife, Husband and Child were together in Rome for several

Case 9:09-cv-81615-KAM   Document 1   Entered on FLSD Docket 10/30/2009   Page 50 of 50

days. Husband had joined Wife and Child to assist with the medical emergency of Child.

However, after the emergency had abated, Husband enjoyed a family outing in Rome

together with Wife and Child. The three of them dined and shopped together. When

Husband was due to return to the United States, he left for the airport but was unable to

obtain a flight, and he subsequently showed up at the hotel to which Wife and Child had just

relocated, in order to spend time with them. That evening, Husband joined Wife in the

lobby of hotel, taking part in a dinner party with Wife and some acquaintances, and they had

an enjoyable social evening together. The following day the family flew back together to

the states. According to <u>Ryan,</u> the standard of "irretrievably" [broken] is defined as:

> "…impossible to recoup, repair, or overcome." Webster's Third International Dictionary (1966), page 1196. " (page 5, Opinion).

> "…The new statutory test for determining if a marriage is irretrievably broken is simply whether for whatever reason or cause (no matter whose "fault") the marriage relationship is for all intents and purposes ended, no longer viable, a hollow sham beyond hope of reconciliation or repair." (page 8, Opinion).

10. Husband has often said to Wife that, while he'd like to be with her, "the judge might see us

and it would thwart my mission." Husband has also stated to Wife that Garland had

essentially told him, *"You will automatically be granted your divorce. It's easy to get a*

*divorce in a no-fault state, because the judge only needs to hear you say that the marriage is*

*irretrievably broken – it's your word alone.* On other occasions, Husband has said, "I'm

glad Florida is a no-fault state." [HISTORY FOOTNOTE: Husband has been assured of the

outcome of his action which is based entirely on the term "irretrievable breakdown," which

was the centerpiece of the Uniform Marriage and Divorce Act (UMDA), drafted by the

National Conference of Commissioners on Uniform State Laws (NCCUSL), and became the

basis for Florida's own no-fault divorce law, enacted thirty-seven years ago by the Florida