UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81615-CIV-MARRA/JOHNSON

JEFFREY P. LAWSON,

    Plaintiff,

v.

KATHY A. GARCIA-LAWSON,

    Defendant.
_____/

## ORDER AND OPINION REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court sua sponte.

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases." Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997). The removing party has the burden of demonstrating the propriety of removal. Diaz v. Shepard, 85 F.3d 1502, 1505 (11th

Cir. 1996).

The Court has reviewed the Notice of Removal and its accompanying documents. It is apparent from a review of these documents that the present case is a dissolution of marriage proceeding previously pending in the courts of the State of Florida. *See* DE 1, ¶¶ 3, 4; DE1-2, pp. 86-92. The case was filed in 2005 and apparently had yet to be tried. *Id.*, DE1-2 at 86. Respondent had removed this four year old case to federal court pursuant to 28 U.S.C. § 1443. Respondent asserts that within the last 30 days she and "intervenors" who have attempted to join her in the state court dissolution proceeding have been informed "that they would 'be denied [and] cannot enforce in the courts of [the] State [of Florida any of their] right[s] under any [and all] law[s] providing for equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" DE 1, ¶ 2. Respondent asserts that she is denied "due process of law and equal protection" in her Florida divorce proceeding, *id*, ¶ 3; and she is challenging the provisions of the Florida Family Code as being violative of her federal constitutional rights, *id.,* ¶¶, 7, 10. This Court is familiar with Respondent's assertions, because they were the subject of another proceeding which had been dismissed because the issues raised by Respondent should have been considered by the state court. A copy of this Court's prior order was included with the Notice of Removal. DE 1, at 26-31.

It is clear from a review of the removal documents that the state court dissolution of marriage proceeding is not one subject to removal under 28 U.S.C. § 1443. DE 1-2 at 86-92. To the extent that Respondent is contending that the Florida dissolution of marriage statute is being applied in an unconstitutional manner, those issues are raised by way of defense to the dissolution petition. In order to be able to remove a case to federal court based upon a federal

question, as Respondent attempts to do here, a substantial federal question must be presented "on the face of the complaint."  Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004).  The federal question cannot be raised by way of a defense asserted in the answer or raised in the petition for removal.  Gully v. First National Bank, 299 U.S. 109, 113 (1936).  The dissolution of marriage petition does not raise any federal question, and in particular, it does not raise one relating to the denial of "equal civil rights."

There is no valid legal basis for removal of this case to federal court.  In fact, the removal is frivolous.  Ordinarily, when dealing with a pro se litigant, the Court can presume ignorance of the law and procedure as an excuse for the deficiencies.  Such is not the case here.  The state court filings that were submitted with the notice of removal demonstrate a concerted effort by Respondent to interfere with the orderly prosecution of that case.  While this Court has no ability to control the manner in which the state court proceeding is managed, this Court does have the ability to prevent the United States District Court from being an accomplice to the obstruction.  The filing of any additional frivolous proceedings in this Court which prevent or interfere with the orderly prosecution of the state dissolution proceeding will result in the imposition of sanctions.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

2. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach

County, Florida;

3. All pending motions are hereby **DENIED**, without prejudice, as moot; and

4. **This case is CLOSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of November, 2009.

                                                                       KENNETH A. MARRA
                                                                       United States District Judge

copies to:
All counsel of record