UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81615-CIV-MARRA/JOHNSON

JEFFREY P. LAWSON,
    Plaintiff,
v.
KATHY A. GARCIA-LAWSON,
    Defendant.
_____/

FILED by _____ D.C.
NOV 2 3 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### RULE 59(e) MOTION to AMEND and ALTER JUDGMENT and MOTION FOR STAY OF REMAND (request that the Court stay the clerk's certification of remand until after allowing argument and an evidentiary hearing on this motion)

To the Honorable Kenneth A. Marra:

    It takes a measure of courage, or perhaps fool-heartiness, for a pro-se litigant as alone as Kathy Garcia-Lawson to come back (rather like Oliver Twist asking for another bowl of porridge) and face the Court after a warning of sanctions, but really and truly, your honor: You really seem to have missed the point of my removal and of this litigation entirely, so I beg you to reconsider your Order of Remand and reassess your entire approach to this case. Or perhaps you should return this case to another judge, to the Honorable Kenneth L. Ryskamp to whom this case was originally assigned, for an independent view and perspective of someone who, by virtue of his senior status, would not feel any bounden duty to uphold the system at all costs. So Kathy Garcia-Lawson approaches the Court with meek heart and due reverence, and asks the Court to read and acknowledge the following arguments in favor of amendment and alteration, and an immediate stay of the Order of Remand.

    The Court should keep in mind that Kathy Ann Garcia-Lawson is only now proceeding pro se because the State of Florida chose to bring frivolous disciplinary

*Rule 59(e) Motion to Amend or Alter Judgment, and for Immediate STAY OF REMAND*
*Monday, November 23, 2009*
    1

charges against her attorney Inger Garcia-Armstrong, and to allow some prosecution of these disciplinary proceedings to advance, solely or primarily because Inger Garcia-Armstrong had dared to advance or attempt to advance Kathy Ann Garcia-Lawson's position that the dissolution statutes and procedures in Florida domestic relations courts were corrupt and oppressive, unconstitutionally void on several different grounds, and that Judge Oftedal in the Fifteenth Judicial circuit NEVER ALLOWED the insertion of constitutional amendments into any answer or counterclaim in the state court proceedings, even though Respondent whole-heartedly agrees with this court's now repeated ruling that "the issues raised by Respondent should have been considered by the state court." How many times, under *Younger v. Harris*, will this Court require Kathy Ann Garcia-Lawson to attempt to raise constitutional issues in State Court before acknowledging that THE STATE OF FLORIDA WILL NEVER ALLOW HER TO DO SO. 401 U.S. 37; 91 S. Ct. 746; 27 L.Ed.2d 669 (1971). Civil Rights injunctions against Federal proceedings are expressly authorized under 42 U.S.C. §§1983, 1988(a). **Mitchum v. Foster,** 407 U.S. 225; 92 S. Ct. 2151; 32 L. Ed. 2d 705 (1972). Although the Supreme Court has not recently addressed the question of Federal Injunctions against State Court proceedings as a remedy for systemic and systematic violations of civil rights, the "extraordinary pro-injunction trilogy" of **Dombrowski, Younger, Mitchum** has never been overruled or even (directly) questioned. In fact, **Mitchum v. Foster** was affirmed by **Pennzoil v. Texaco**, which clarified than in truly extraordinary circumstances, Federal intervention may be proper. 481 U.S. 1. (1987). At the very least, Kathy Ann Garcia-Lawson and her allied intervenors should be allowed a full-blown evidentiary hearing prior to remand to present their stories to this Federal Court, to

offer their evidence that the abuses in the Florida Family Courts, not even especially in the present case, but absolutely TYPICALLY in the present case, are so routine and rampant as to justify Federal judicial intervention.  All of the intervenors can testify and offer corroborating witnesses to abuses including favoritism and disregard of the most elementary rules of fairness and equity in the Florida Family Court system.  The intervenors can further testify to the disastrous effects that family court abuses have had on their lives and the lives of their children.  This Court should listen to the intervenors and not brush them aside as if they were irrelevant to the present removal and proceedings.  The Court's order of remand on page 2 does not justify or explain the disregard of the intervenors pleadings and their status.  Are dissolution proceedings so sacred in the "Brave New World" of 21st century America that they cannot be stopped, even for a deep constitutional challenge to their legitimacy as offensive to the most fundamental rights established in the Constitution at the beginning of the American Federal Union under this Constitution?

**<u>Specific Statutory Language Ignored</u>**

To begin with the Court seems to ignore the statutory language on which this removal was based, and to ignore it entirely.  Within the meaning of Rule 11, Kathy Ann Garcia-Lawson submits that it is not frivolous to contend that the statutory language of 28 U.S.C. §§1443(1) and 1446 should be given full force and effect, and not construed so restrictively as this Court seems inclined to do.  Congress' general removal procedure statute, 28 U.S.C. §1446(b) plainly recognizes that events and documents OTHER than a complaint may trigger the statutory grounds for removal, as was the situation in the

present case, when it was a series of Judge Oftedal's orders which confirmed that the State Court would simply never allow:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

IF the phrase "manifest error" means anything, this phrase allowing Motions to Amend or Alter Judgment should be granted when the Court applies the wrong statute to a case, as here. Civil Rights Removal under 28 U.S.C. §1443(1) is plainly and clearly a Congressionally crafted exception to the "well-pleaded complaint" rule because it is expressly worded as a "defendant's" motion, which depends not only on a complaint.

While the Court never cites 28 U.S.C. §1331, the Federal Removal Statute (rather than the Civil Rights Removal Statute §1443) is the only plausible subject of the discussion of whether Kathy Ann Garcia-Lawson should

> ....be able to remove a case to Federal Court based upon a Federal question, as Respondent attempts to do here, a substantial federal question must be presented "on the face of the complaint.... The federal question cannot be raised by way of a defense asserted in an answer or raised in the petition for removal. The dissolution of marriage petition does not raise any federal question, and in particular, it does not raise one relating to the denial of "equal civil rights."

Document 6, Entered on FLSD Docket 11/20/2009, Pages 2-3 (citations omitted).

If it is axiomatic that Federal Courts are courts of limited jurisdiction, it is equally axiomatic that courts should apply the rule of statutory construction that "In construing a statute we are obliged to give effect, if possible, to every word Congress used." See e.g., *Reiter v. Sonotone*, 442 U.S. 330, 340, 99 S.Ct. 2326, 2331 (1979). If, for example,

previous jurisprudence on 28 U.S.C. §1443(1) has limited this powerful statute to cases involving racial discrimination, the Court should look to the language of the statute and give full force and effect to every word of the congressional enactment, keeping in mind that over the thirty one years (since *Regents of Univ. of Cal. v. Bakke,* 438 U.S. 265, 57 L. Ed. 2d 750, 98 S. Ct. 2733 [1978]) the United States Supreme Court has radically retreated from the use of racial classifications to limit the applications of civil rights laws. *See, e.g., Grutter v. Bollinger,* 539 U.S. 306; 123 S. Ct. 2325; 156 L. Ed. 2d 304 (2003).

Kathy Ann Garcia-Lawson here moves for a stay of the Court's remand of this case alone, but she will seek the concurrence of her removing allies, the intervenors in this case, at the earliest possible moment. Kathy Ann Garcia-Lawson has, since approximately October 2, 2009, been beset and besieged with problems relating to her mother's health and hospitalization, as Removing Respondent holds both health care surrogacy and durable power of attorney for her mother. It was in the context of this family health crisis that Respondent realized that the Fifteenth Judicial Circuit had no intention of affording her any fairness or due process of law, and in fact intended to shut her down. Within the meaning of the First and Ninth Amendments, Kathy Ann Garcia-Lawson submits that she and her allied intervenors have the right to petition for redress of grievances including the right to "prevent or interfere with the orderly prosecution of state dissolution proceedings" and that this Court should not sanction the intervenors for asserting that the Florida Family Law Courts are illegally and unconstitutionally constituted so as to justify both civil rights removal and a Federal Injunction pursuant to ***Dombrowski v. Pfister,*** 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

Removing Respondent (Defendant) Kathy Ann Garcia-Lawson asks that this Court allow her and the intervenors in this case a full evidentiary hearing on whether special circumstances exist in the Florida Domestic Relations Courts which offend all constitutional notions of the right to petition for redress of grievances, no takings of life, liberty, or property without due process of law, and equal protection under the laws. Garcia-Lawson submits that a review of the legislative history of 28 U.S.C. §1443 together with 28 U.S.C. §1447(d) will show that Congress intended to afford a very special status to civil rights removal, to enable defendants to avoid oppressive state courts regardless of the subject matter of the complaint (even removals of criminal proceedings are expressly permitted, for example, without any "federal question" requirement even being possible in relation to the removal of criminal prosecutions).

In addition to allowing an evidentiary hearing on whether an injunction against state court proceedings is proper, this Court should allow the intervenors and Kathy Ann Garcia-Lawson to amend their answer and counterclaim in a manner that is consistent with the Federal Rules of Civil Procedure. This Court should consider its own prior ruling that the State Courts of Florida SHOULD have heard, and should now hear, should have allowed and should now allow Kathy Ann Garcia-Lawson's motion to amend her pleadings, and should have allowed the full-fledged constitutional challenges raised by intervenors to be heard, in this case where it matters most, rather than in any new or separate case. There is an active and live controversy here: whether the State of Florida Domestic Relations Courts are properly constituted under the First and Ninth Amendments. Removal is proper within the express statutory language of 28 U.S.C. §1443(1) because Kathy Ann Garcia-Lawson is a member of a discrete and insular group

(dissolution proceeding respondents) who lack political power, and who are constituted as second class citizens by Florida dissolution statutes, as well as the customs, practices, and policies of the Florida dissolution courts.

WHEREFORE, Removing Respondent Kathy Ann Garcia-Lawson prays that this Court will stay its order of remand for at least 10 business days to allow full briefing by all intervenors of a Motion to Amend or Alter Judgment under and pursuant to Rule 59(e), followed by an evidentiary motion at which all parties will be allowed to describe the abuses of the Florida Family Courts and judges and attorneys in custody, dissolution, and support procedures. Such a motion and the holding of such an evidentiary hearing are uniquely proper in a case removed pursuant to 28 U.S.C. §1443 as provided by 28 U.S.C. §1447(d) ascribes a very special and privileged status to Civil Rights Removal:

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [28 USCS § 1443] shall be reviewable by appeal or otherwise.

In other words, 28 U.S.C. §1443 has UNIQUE status among all removals, totally distinct and different from removals based on Federal question or diversity jurisdiction, in that an order of remand is immediately appealable in this case. The intervenors, moreover, should be allowed the chance to present their cases at least under the "Collateral Order" doctrine if, after hearing their pleas, the Court is still unconvinced of the civil rights and equal protection issues raised by the undersigned Kathy Ann Garcia-Lawson and her allied intervenors in this case. Not all are involved in the dissolution proceedings with Jeffrey P. Lawson, but all are clearly involved in Family life and all have been impacted by the unconstitutional Florida laws, courts, and the offensively

constitutionally infringing and violative customs, practices, and procedures adhered to by Florida judges, lawyers, ad litems, social workers, and other adjuncts of the domestic relations regulatory and judicial apparatus and networks in this state.

WHEREFORE THEN, additionally, Removing Respondent (Defendant) Kathy Ann Garcia-Lawson prays for an immediate stay of this Court's Friday, November 20, 2009, Order of Remand, and *asks that this Court immediately restrain and enjoin the United States Clerk of Court from certifying its order of Remand to State Court as provided and required by* 28 U.S.C. §1447(c). "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court."

Respectfully submitted,

Monday, November 23, 2009

By:_____
Dr. Kathy Ann Garcia-Lawson, Ph.D., ***pro se***
2620 Nature's Way
Palm Beach Gardens, Florida 33410
Telephone: 561-624-8724
Facsimile:   561-691-1423

E-Mail: garcialawson@hotmail.com

## CERTIFICATE OF FILING AND SERVICE

I, the undersigned Respondent Kathy Ann Garcia-Lawson do hereby certify that I filed an original signed copy of the above-and-foregoing Rule 59(e) Motion to Amend or Alter Judgment of Remand and the Stay Remand of Case Removed on Civil Rights Removal pursuant to 28 U.S.C. §1443(1) with BOTH the U.S. District Clerk for the

Southern District of Florida in Palm Beach and the Palm Beach County Clerk of the Fifteenth Judicial Circuit Court and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

Clerk of 15th Judicial Circuit Court, Palm Beach County
Palm Beach County Courthouse
North County Courthouse
3188 PGA Boulevard
Palm Beach Gardens, Florida 33401-4599

Mr. Jeffrey P. Lawson
c/o Steve Marchildon
113 Ashley Court
Jupiter, Florida 33408

Ms. Inger Garcia-Armstrong, Esq.
Attorney of Record for and c/o
Dr. Kathy Ann Garcia-Lawson
2620 Nature's Way
Palm Beach Gardens, Florida 33410

Respectfully Submitted and signed on Monday, November 23, 2009

Monday, November 23, 2009

By: _____
Dr. Kathy Ann Garcia-Lawson, Ph.D., *pro se*
2620 Nature's Way
Palm Beach Gardens, Florida 33410
Telephone: 561-624-8724
E-Mail: garcialawson@hotmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81615-CIV-MARRA/JOHNSON

JEFFREY P. LAWSON,
    Plaintiff,

v.

KATHY A. GARCIA-LAWSON,
    Defendant.
_____/

## ORDER GRANTING STAY OF REMAND

This Cause came before the Court upon the motion of Removing Defendant Kathy Ann Garcia-Lawson to Amend or Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court has reviewed the Motion and determines that the Motion for Stay of Remand is well taken.

    Whereas 28 U.S.C. §§1447(c)-(d) provide:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [28 USCS § 1443] shall be reviewable by appeal or otherwise.

    The Court concludes that an evidentiary hearing should be held on ____ December, 2009, to determine whether special circumstances exist pursuant to *Dombrowski v. Pfister, Younger v. Harris, and Mitchum v. Foster* regarding the need for an injunction in this Court against dissolution proceedings advancing in the present

*Order Granting Garcia-Lawson's Motion for Stay of Remand and Evidentiary Hearing to Determine Question of Injunction against State Dissolution Proceedings*     1

case, the present court, and possibly elsewhere in Florida. The Court recognizes that Removing Respondent (Defendant) Kathy Ann Garcia-Lawson's point regarding the combined special effect on the status of civil rights removal which the statutory language of 28 U.S.C. §§1443 and 1447(d) appears to mandate, and the degree to which this language has been ignored by the Federal judiciary in recent modern jurisprudence.

In the meantime, until such hearing can be held allowing the Defendant and all allied intervenors to appear and testify, this Court directs that the United States Clerk of Court in and for the Southern District of Florida, Palm Beach Division, SHALL NOT certify this Court's November 20, 2009, ORDER OF REMAND to the Florida Fifteenth Judicial Circuit in and for Palm Beach County, as would otherwise be required by 28 U.S.C. §1447(c). This cause shall not be remanded to state court until after an evidentiary hearing has been held on all the subjects raised by Defendant and her allied intervenors. One full day of court time shall be allotted to this hearing.

Done and ordered in chambers on this _____ day of November/December, 2009, in and for the United States District Court for the Southern District of Florida, Palm Beach Division.

```
_____
The Honorable Kenneth A. Marra
United States District Judge
United States District Court
Southern District of Florida
Palm Beach Division, West Palm Beach, FL
```