UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81615-CIV-MARRA/JOHNSON

JEFFREY P. LAWSON,

    Plaintiff,

v.

KATHY A. GARCIA-LAWSON,

    Defendant.
_____/

### ORDER DENYING RULE 59(e) MOTION

THIS CAUSE came before the Court on Defendant Kathy A. Garcia-Lawson ("Defendant" or "Garcia-Lawson") Rule 59(e) Motion to Amend and Alter Judgment and Motion for Stay of Remand, filed November 23, 2009.  The Court has reviewed the motion and the record, and is otherwise duly advised in the premises. As explained below, the instant motion is denied.

A motion for reconsideration is appropriate where (1) an intervening change in controlling law has occurred; (2) new evidence has been discovered; or (3) there is a need to correct clear error or prevent a manifest injustice.  Williams v. Cruise Ships Catering & Svc. Int'l, N.V., 320 F.Supp.2d 1347, 1357-58 (S.D. Fla. 2004); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 (1981).  In order to reconsider a ruling, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a "strongly convincing nature" to induce the court to reverse its prior decision.  Id.  The

1

Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See Sussman, 153 F.R.D. at 694.  Disagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order.  See, e.g., Z.K. Marine Inc. v. M/V Archigetis, 808 F.Supp. 1561, 1563 (S.D. Fla.1992) (A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."); Burger King Corp. v. Ashland Equities, Inc., 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002).

Here, Garcia-Lawson's assertion that the state court has improperly disallowed her to assert constitutional challenges to the Florida divorce laws is an issue that must be reviewed through the state court system, as are all the issues raised in that case.  Garcia-Lawson's dissatisfaction with the manner in which the state court is conducting the divorce proceeding or her dissatisfaction with the state court's interlocutory rulings does not give rise to federal jurisdiction.  The Court once again rejects Garcia-Lawson's assertion that this case was properly removed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Kathy A. Garcia-Lawson's Rule 59(e) Motion to Amend and Alter Judgment and Motion for Stay of Remand, filed November 23, 2009 is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of November, 2009.

                                                          KENNETH A. MARRA
                                                          United States District Judge

copies to:
All counsel of record