UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81615-CIV-MARRA/JOHNSON

JEFFREY P. LAWSON,
    Petitioner,

v.

KATHY A. GARCIA-LAWSON,
    Respondent and Removing Party.
_____/

FILED by _____ D.C.
FEB 1 0 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## NOTICE OF FILING LETTER TO 11TH CIRCUIT COURT

COMES NOW Respondent and Appellant Kathy Ann Garcia-Lawson and asks this Court to take note of this letter (Exhibit A) addressed to the United States Circuit Clerk for the 11th Circuit Court of Appeals in Atlanta concerning her appeal as filed and related matters, and to include the same in the records of the above-captioned case.

**Prefiling Conference**: Prior to filing the attached letter, Kathy Ann Garcia-Lawson conferred by telephone with both a Deputy Clerk of the Court of Appeals in Atlanta and Petitioner Jeffrey P. Lawson. The Deputy Clerk (Ms. Jackson) agreed as indicated within the letter but Jeffrey P. Lawson did not.

**Certificate of Service**: A copy of this letter has been served on all parties and courts involved in this case, including Petitioner Jeffrey P. Lawson and Judge Richard L. Oftedal of the Fifteenth Judicial Circuit, Palm Beach.

Respectfully submitted,

Feb. 9, 2010

*[signature]*
Kathy Ann Garcia-Lawson, *pro se*
2620 Nature's Way
Palm Beach Gardens, FL 33410
Tel: 561-624-8725
garcialawson@hotmail.com

*Notice of Filing Letter re: Appeal under 28 U.S.C.§ 1447(d) to 11th Circuit*    1

# Exhibit A:
# Appellant's Letter to
# Clerk of the
# 11th Circuit Court of Appeals

# *Kathy Ann Garcia-Lawson*
### *2920 Nature's Way, Palm Beach Gardens, Florida 33410*

*February 8, 2010*
*Monday*

Atten: Deputy Clerk Jackson
RE: 11th Circuit Court of Appeals Case Number 09-16406-D

United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA  30303  (404) 335-6100

Dear Ms. Jackson:

     I spoke to you Wednesday, February 3, 2010, regarding 11th Circuit Court of Appeals Number 09-16406-D *(Appeal from U.S. Southern District of Florida Case Number **CASE NO. 09-81615-CIV-MARRA/JOHNSON**). You said over the telephone you could grant me a one week extension of time until Tuesday February 16, 2010, without any formal motion on my part, but I am finding that I definitely need more time, specifically one month until Tuesday, March 16, 2010---do I need to file a motion for a full month or will this letter be sufficient?

     There are, however, several issues that I am having severe problems understanding.  I asked you about the record on appeal, and you said I should just cite to the documents in my possession, or, I assume, available on PACER, from the District Court proceedings.   Although I have no counsel in this case, I have been advised by attorneys that I should carefully study and consult with the 11th Circuit rules and internal operating procedures which are available on-line at:

**http://www.ca11.uscourts.gov/documents/pdfs/BlueDEC09.pdf**

     One provision in these rules (page 52 Rev.: 12/9 FRAP 11) continues to trouble me:

*Kathy Ann Garcia-Lawson Motion for Extension of Time to File Initial Appellate Brief, to File*    1
*Transcript from Related Case and to Supplement the Record until Tuesday, March 16, 2010*

> 11th Cir. R. 11-4 Form of Record. The record on appeal shall be bound securely with durable front and back covers in a manner that will facilitate reading. The clerk of the district court or bankruptcy court as applicable shall index the record by means of document numbers in consecutive order. In civil appeals, including bankruptcy and prisoner (civil and habeas) appeals, to facilitate use of the record by the court and by counsel, the district court or bankruptcy court as applicable shall affix indexing tabs bearing those document numbers to identify orders and significant filings. Indexing tabs are not required to be affixed to records in criminal appeals.

My case is not criminal but I have never seen a copy of the index tabbed record which seems to be required by the rules. It is my understanding from the rules, and from consultation with attorneys, that it is the responsibility of the United States District Clerk for the Southern District of Florida, Palm Beach Division, to prepare this record for appeal and that it is my responsibility to cite to this record in my initial and reply briefs and in any motion I file with the Court. As of today, February 6, 2010, I have not received any such record and you appear to tell me that no such citation is necessary. This is causing me great concern and worry, especially in light of the following provision (also on the same page 52):

> 2. Preparation of Record; Duties of District Court Clerk. At the time that the record is complete for purposes of appeal and before transmitting certification that the record is complete the district court will assemble the record into one or more volumes, and identify by a separate document number each filing contained therein. Each volume of the record should generally contain less than 250 pages. The district court docket sheet, so numbered, will be provided to the parties upon
> request to facilitate citation to the original record by reference to the file copies maintained by the parties. Prior to transmitting the record to the clerk of the court of appeals, the district court docket sheet shall be marked to identify by number the volume into which documents have been placed, and the cover of each volume of the record shall indicate the volume number and the document numbers
> of the first and last document contained therein (e.g., Vol. 2, Documents 26 - 49). The district court docket sheet, so marked, will be included in the record transmitted to the clerk of the court of appeals. Transcripts will be sequentially arranged in separate numbered volumes, with volume numbers noted on the docket sheet index. In civil appeals, including bankruptcy and prisoner (civil and habeas) appeals, standard commercially-available indexing tabs or their equivalent which extend beyond the edge of the page shall be affixed to the first page of orders and

of significant filings in the record to identify and assist in locating the papers. Tabs should be visible and staggered in sequence from top to bottom along the right-hand side. Tab numbers should correspond to the document numbers assigned by the district court.

If it is true that this record has been prepared by the District Court Clerk in my case, is there any way that I can get a copy of this record so that I can see and be able to cite the case record exactly as presented to the 3 judge panel that will be reviewing my appeal?

I have a totally separate problem and concern: I would like to include a transcript of a hearing held in January 2009 before the same Judge Kenneth A. Marra in a closely related case: **Case 9:08-cv-80865-KAM.** I did not appeal this case, but instead followed the apparent order that Judge Marra had entered, which seemed to require that I present the constitutional issues I had raised to the 15th Judicial Circuit Court of the State of Florida in Palm Beach County. After Judge Marra's order of November 23, 2009, remanding my case, I decided to appeal, as expressly authorized by 28 U.S.C. §1447(d), and the same day that I filed my notice of appeal on December 23, 2009, I ordered the transcript of the January 2009 hearing. As of today, February 8, 2010, I have still not received that transcript (see Exhibit A).

During the past six months it became increasingly apparent to me that not only could I (very literally) could not win in the State Courts of Florida with regard to the divorce issue, I could not obtain an answer to the question: by what constitutional authority has the state of Florida imposed these state-mandated and domestic relations obligations and requirements on me to conform to a state mandated norm?

A Federal stay, either through removal or otherwise, was totally appropriate because I, like 100% of all other divorce respondents in Florida, had lost the very moment the divorce action was filed: the divorce was going to be granted. This is particularly outrageous because the only right one acquires by applying for and receiving a Florida State marriage license is the right to obtain a state supervised divorce and division of child custody, and neither I nor anyone else was ever made aware of this fact. In essence, the state imposed a contract of adhesion on me without my knowledge, and my own ability to arrange my life was removed without my consent.

*Kathy Ann Garcia-Lawson Motion for Extension of Time to File Initial Appellate Brief, to File Transcript from Related Case and to Supplement the Record, until Tuesday, March 16, 2010*     3

For a state to set up sham proceedings whose outcome is a foregone conclusion is a violation of fundamental federally guaranteed civil rights and is specifically a grounds for the Civil Rights Removal, which I attempted in this case (currently under appeal) under the holding of the United States Supreme Court in ***Greenwood v. Peacock,*** 384 U.S. 808; 86 S.Ct. 1800; 16 L. Ed.2d 944 (1966).

However, I do not have a complete record documenting all these facts JUST in the present case, because my TWO cases with Judge Marra are in effect one single course of litigation, I want to supplement the record in the present appeal by attaching the record in the first case from last year. I will file a motion with Judge Marra to that effect this week. I have already ordered the transcript of the January 2009 hearing before Judge Marra where I raised the issue that no divorce respondent had EVER won in Palm Beach County or the State of Florida, and that fact is critical to the decision of the appeal in the present case, but that transcript has not yet been delivered (Exhibit A).

Accordingly, I need an additional month to obtain and bring all elements of the record together before this Court in order for the 11th Circuit Court of Appeals completely and fully to address the issues I have raised.

As you instructed me to do, prior to filing this letter with the Court I called my husband Jeffrey P. Lawson on Thursday, February 4, 2010, and conferred with him regarding my request for an enlargement of time. He refused to agree to an enlargement of time and said that my appeal was illegitimate and frivolous "horseshit" (I expressly asked him if I could quote him verbatim to this court and he gave me permission to do so).

I also asked him whether he would agree to a further stay of state court proceedings pending the resolution of this appeal and his answer was, "you've got your nerve even to ask me."

Wherefore, I am requesting a further one month enlargement of time, until Tuesday, March 16, 2010, to file the motions with Judge Marra to consolidate the record of two cases for this one single appeal. It would be a more efficient use of judicial time and resources and it is the only way that I can raise all issues before the Court of Appeals effectively.

      I will also be filing by separate motion a request for a stay of State Court proceedings (which Judge Marra has already denied). I realize that I am at fault for not having raised some of these issues sooner, but Judge Marra remanded my case to state court only on Monday November 23, 2009, and my mother died after two months in the hospital on Wednesday November 25, 2009, the day before Thanksgiving. The whole month of December was a month of sadness and mourning in my family and this continued through part of January, at which time I was then beset with the issues of starting to settle my mother's estate.

      Accordingly, I will tell you and would swear to the Circuit Judges of the 11th Circuit Court of Appeals that I had special circumstances which justified the relatively minor delays I am requesting here. My husband and the Florida Circuit Court knew of my mother's illness and hospitalization and even then they would not agree to a stay of proceedings. For all these reasons I do not think I really should be penalized for the pace at which I have gotten ready to present issues to this Court. I had initially planned on assembling all these materials immediately after the last day of Christmas on January 6, 2010, but my continuing post-mortem depression and preoccupation with my mother's affairs prevented me from getting started until this week. In addition, as already noted, the Court transcriptionist has had my order for the January 2009 transcript and I have been delayed a full month and a half in presenting these issues to Judge Marra first before moving this Court for a consolidation on appeal or to supplement the record.

      For all of the above reasons, I request an extension of the time to file my initial brief until Tuesday, March 16, 2010, during which time I will consolidate the record on appeal and file a Motion with this Circuit Court of Appeals for Stay of State Court proceedings to preserve the jurisdiction of this court to decide all issues.

      Yours very truly,

*Kathy A. Garcia Lawson*
Kathy Ann Garcia-Lawson, ***pro se***

Appellant, *in propia persona*
Kathy Ann Garcia-Lawson
2620 Nature's Way
Palm Beach Gardens, Florida 33410
Telephone: 561-624-8725
E-Mail: garcialawson@hotmail.com

Copies by regular mail to:

The Honorable Kenneth A. Marra, U.S. District Judge, United States District Court for the Southern District of Florida, West Palm Beach, Florida

The Honorable Richard L. Oftedal, Circuit Judge for 15th Judicial Circuit, (North County Government Center), Palm Beach Gardens, Florida

Mr. Jeffrey P. Lawson, Lake Park, (Palm Beach County), Florida.

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Jeffrey P. Lawson vs. Kathy Hus Garcia-Lawson Dkt No. District 09-81615 — Appeal 09-16406

11th Cir. R. 26.1 (see reverse) requires that a Certificate of Interested Persons and Corporate Disclosure Statement be included with each brief, petition, answer, motion or response filed by any party. You may use this form to fulfill this requirement. In alphabetical order, with one name per line, please list the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case (*please type or print legibly*):

1. Armesto, Eladio
2. Benjami, Michael
3. Benjamin, Nelly
4. Bertrand, Roberta
5. Bertrand, Robert
6. Caliguiri, Donna
7. Colbath, Judge Jeffrey J.
8. Delta Air Lines, Inc
9. Gary, Judge William L.
10. Gonzalez, Lorraine
11. Judiciary Courts of the State of Florida Leon County/Circuit C...
12. Lawson, Alexandra A.
13. Lawson, Jeffrey P.
14. Long, Merle
15. Mallory Law Group
16. Marlelo, Gustavo
17. Marra, Judge Kenneth

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Jeffrey P. Lawson vs. Kathy Ann Garcia-Laws Appeal No. 09-16406-D

11th Cir. R. 26.1 (see reverse) requires that a Certificate of Interested Persons and Corporate Disclosure Statement must be filed by the appellant with this court within 10 days after the date the appeal is docketed in this court, and must be included within the principal brief filed by any party, and included within any petition, answer, motion or response filed by any party. **You may use this form to fulfill this requirement.** In alphabetical order, with one name per line, please list the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

18. Melita, Salvatore
19. Norma, Jorge
20. Office of the Florida Attorney General
21. Oftedal, Judge Richard L.
22. Palm Beach County Circuit Courts
23. Potter, Rebecca
24. Rehman, Ateeq
25. State of Florida
26. The Florida Bar
27. White, Susan

# EXHIBIT A:
# E-Mail Message from
# Court Reporter February 2, 2010

# FW: KATHY ANN GARCIA-LAWSON V NATALIE M GARLAND DC; 08-80865 & APPEAL NO; 09-81615-CIV-MARRA dated 01/08/09

From: **Lisa Abuelhawa** (lisa@officialreporting.com)
Sent: Mon 2/01/10 11:14 AM
To: garcialawson@hotmail.com

Try that again..

**Lisa A. Abuelhawa - Transcript Liaison**
**OFFICIAL REPORTING SERVICES, LLC**
**Telephone 954-467-8204, x 1019**
**FAX 954-333-3986**

---

**From:** Lisa Abuelhawa
**Sent:** Monday, February 01, 2010 11:12 AM
**To:** 'Frances Aiello'
**Cc:** 'GARCIAWATSON@HOTMAIL.COM'
**Subject:** KATHY ANN GARCIA-LAWSON V NATALIE M GARLAND DC; 08-80865 & APPEAL NO; 09-81615-CIV-MARRA dated 01/08/09

Good morning Vicki ~
I got a call from the requestor, Kathy Garcia-Lawson, this morning regarding the subject case.
I explained the problems you have had with your computer - getting a new one, restoring data, etc
She has asked that you put together an informal affidavit for her, please, as the appeal is due on the 7th or 8th of February, and the transcript is late.

This was a hearing on 01/08/09 in Dade County and was due on 01/29/10.

Thanks in advance for your help. If you could attach the affidavit I will manage it from here.
**Lisa A. Abuelhawa - Transcript Liaison**
**OFFICIAL REPORTING SERVICES, LLC**
**Telephone 954-467-8204, x 1019**
**FAX 954-333-3986**

---

**From:** Frances Aiello [mailto:vaie@att.net]
**Sent:** Monday, January 25, 2010 6:49 PM
**To:** Lisa Abuelhawa
**Subject:** Re: did you get your computer

NO!!!!!! I had to take it somewhere else on Friday, and will not have it back until at least Wednesday!!!!!. I am ready to throw myself out a window!!!!! I will update you again on Wednesday.
Love ya, Vicki

--- On **Mon, 1/25/10, Lisa Abuelhawa *<lisa@officialreporting.com>*** wrote:

> From: Lisa Abuelhawa <lisa@officialreporting.com>
> Subject: did you get your computer
> To: "Frances Aiello" <vaie@att.net>
> Date: Monday, January 25, 2010, 10:08 PM
>
>
> **Lisa A. Abuelhawa - Transcript Liaison**
> **OFFICIAL REPORTING SERVICES, LLC**
> **Telephone 954-467-8204, x 1019**
> **FAX 954-333-3986**